# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | Case No.: 1:14-CR-333-AKK-JEO |
| ) | |
| RICK LEE EVANS ) | |

## MOTION TO DISMISS

Comes now, Mr. Rick Lee Evans, by counsel and moves this Honorable Court to dismiss the Indictment because venue is not proper in the Northern District of Alabama. The alleged criminal activity listed in the Indictment, if true, was committed outside the Northern District of Alabama and in a foreign country. Therefore, should the Court determine that this case is appropriately indicted in the United States,[1] one must look to 18 U.S.C. § 3238 to determine appropriate venue. Because Mr. Evans was arrested in the Northern District of Georgia, under the plain meaning of the statue this case must be tried in the Northern District of Georgia.

### Case Background

From approximately May, 2007 through December, 2008, M.C. lived in Heidelburg, Germany with Susan and Rick Evans. M.C.'s mother was deployed through most of that time. While M.C. was able to see her stepfather and mother periodically throughout this time, she was primarily in the care of the Evans family. During the majority of that time, Mr. Evans was employed by the U.S. Army. Mr. Evans was released from active duty on June 28, 2008 but remained in Heidelburg through November, 2011.

In late June/early July, 2009, J.Johnson, the stepgrandmother of M.C., reported that while

---

[1] Mr. Evans intends to file forthcoming Motions providing additional arguments and grounds as to why the prosecution of this case is not proper.

M.C. was living with her she allegedly disclosed inappropriate sexual contact with Mr. Evans during her time in Germany. On or about July 7, 2009, M.C. was interviewed by the Children's Hospital and Prevention Services ("CHIPS Center") about the alleged offense. During this visit, a medical examination was conducted and determined to be "normal". Therefore, the medical examination could not confirm nor exclude the possibility of sexual abuse. On July 10, 2009, a Child Forensic Interview Specialist at Prescott House Child Advocacy Center conducted a video-recorded interview of M.C. wherein she detailed sexual activity that allegedly occurred while she lived in Germany. Following the disclosure and the July, 2009 interview of M.C., German authorities, with the assistance of Army CID, began investigating the case. During the course of the investigation, authorities in both Germany and the United States conducted more than 20 interviews of Mr. Evans' co-workers, other children, parents of children with whom Mr. Evans came in contact, M.C.'s teachers and therapist in the United States, and many of M.C.'s relatives. Additionally, German authorities conducted a search on Mr. Evans' home while U.S. authorities conducted a search on Mr. Evans' storage unit located in Alabama.

In November, 2009, M.C. was interviewed by Army CID. While M.C. again alleged that there was inappropriate sexual contact with Mr. Evans, M.C. provided multiple inconsistent statements. Following the November session, additional interviews were conducted with people that may have either witnessed the alleged offense or other possible victims none of whom confirmed any knowledge of the abuse. On May 19, 2011, a German Forensic Psychologist issued an opinion regarding the integrity of the interviews and the credibility of M.C. On May 25, 2010, the German prosecutor terminated the investigation into the sexual abuse of M.C. On January 24, 2011, U.S. authorities contacted German authorities and requested the release of the

proceedings in accordance with article VII(3)(c) NATO-Status of Forces Agreement (SOFA) so that U.S. authorities could assume jurisdiction under the Military Extraterritorial Jurisdiction Act. From information provided to the defense, it does not appear that any further investigation was conducted on this case until DOJ attorney Sarah Chang and AUSA Daniel Murdock met with M.C. on August 8, 2014.

On October 31, 2014, Mr. Evans was indicted in the Northern District of Alabama in a one count indictment, alleging that Mr. Evans violated 18 U.S.C. § 2241 - aggravated sexual abuse of a child. The indictment alleged that the conduct occurred outside the jurisdiction of any particular State or District and within the venue of the United States District Court for the Northern District of Alabama, in that the last known residence of Mr. Evans was in Lincoln, Alabama, as provided by 18 U.S.C. § 3238. Mr. Evans was arrested in the Northern District of Georgia on or about December 1, 2014. Mr. Evans was arraigned in the Northern District of Alabama on December 8, 2014.

**Argument**

The Constitution provides that "[t]rial of all Crimes . . . shall be held in the State where the said Crimes shall have committed." U.S. Const. Art. III, 2, cl. 3. The Sixth Amendment to the United States Constitution states: ". . . in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed . . ." The Federal Rules of Criminal Procedure enforces these directives: "except as otherwise permitted by statute or by these rules, the prosecution shall be had in the district in which the offense was committed." Crim. P. R. 18.

When a crime is alleged to have taken place in a foreign country, one must look to 18

U.S.C. § 3238 to determine appropriate venue.  Section 3238 states that "[t]he trial of all offenses begun or committed . . . elsewhere out of the jurisdiction of any particular State or district, *shall* be in the district in which the offender . . . *is arrested or is first brought*; but if no offender . . . [is] so arrested or brought into any district, . . . in the district of the last known residence of the offender . . . or if no such residence is known . . . in the District of Columbia."  (Emphasis added).

Here, although Mr. Evans was indicted in the Northern District of Alabama, trial is not proper here.  Mr. Evans, after indictment, was arrested in the Northern District of Georgia and transferred to the Northern District of Alabama.  Based on a plain interpretation of the statute, venue for Mr. Evans' trial appears to lie in the Northern District of Georgia and therefore the indictment must be dismissed.  The dismissal also is supported by case law dating back to the early part of the 20th century.  In *Chandler v. U.S.*, the First Circuit held that Massachusetts was the proper venue for the defendant accused of treason who was indicted in the District of Columbia.  171 F.2d 821 (1st Cir. 1948).  Because of mechanical trouble from Germany to D.C., Mr. Chandler's plane was held in Massachusetts for three hours during which time U.S. authorities restrained Mr. Chandler.  Id. at 927.  Following that restraint, the District of Columbia indictment was dismissed and a new indictment was filed in Massachusetts because Mr. Chandler had been "first brought" to Massachusetts.  Id. at 932-33.  *See also*, *U.S. v. Wharton*, 320 F.3d 526 (5th Cir. 2003) (finding venue was proper where the defendant was arrested in Florida on a complaint out of Louisiana for insurance fraud but then once transferred to Louisiana, tried for murder in Haiti on an indictment that was issued subsequent to the defendant's transfer to Louisiana); *U.S. v. Holmes*, 672 F. Supp. 2d 739 (E.D. Va. 2009) (reversing its own order denying defendant's motion to dismiss for lack of venue where defendant was arrested in North

4

Carolina for alleged sexual abuse that occurred in Japan, following an indictment being issued against him in Virginia).

Mr. Evans is aware of the holding in *U.S. v. Layton*, where a district court in California held that when an indictment was filed before the defendant returned to this country, it may be filed in the district of the offender's last known residence. *See* 519 F. Supp. 942. But in *Layton*, the indictment was filed while the defendant was in prison in Guyana. Id. at 943. Here, Mr. Evans was not out of the country at the time of the indictment. In fact, Mr. Evans had been living in Alabama since 2011. He had a driver's license, was gainfully employed, and had filed taxes. The government could have very easily filed a complaint against Mr. Evans, arrest him in Alabama, and subsequently indict him. Or, the government could waited until he returned to Alabama to arrest him, especially considering the government has allegedly had jurisdiction over this case since January, 2011. But, that is not what happened. Therefore, the cannot now rely on the venue statute for prosecuting this case in Alabama when they decided to arrest him in Georgia.

## Conclusion

For the reasons stated above, Mr. Evans respectfully requests this Honorable Court to find that pursuant to 18 U.S.C. § 3238, venue for this criminal matter is not proper within the Northern District of Alabama and to dismiss the indictment for lack of venue.

Respectfully submitted,

                                      KEVIN L. BUTLER
                                      Federal Public Defender

**/s/Sabra M. Barnett**
Sabra M. Barnett
Assistant Federal Public Defender
Office of the Federal Public Defender
Northern District of Alabama
505 20th Street, North, Suite 1425
Birmingham, Alabama 35203
(205) 208-7170 Office
Sabra_Barnett@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

Respectfully submitted,

**/s/Sabra M. Barnett**