FILED

2015 Feb-04  PM 06:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## <u>EASTERN DIVISION</u>

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.   1:14-cr-333-AKK-JEO** |
| | ) | |
| **RICK LEE EVANS** | ) | |

## <u>GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF VENUE</u>

COMES NOW, the United States of America, by Joyce White Vance, United States Attorney for the Northern District of Alabama, Jacquelyn M. Hutzell, Assistant United States Attorney, and Sarah Chang, Trial Attorney, and submits the following response in opposition to Document 23, Defendant Rick Lee Evans's Motion to Dismiss (the "Motion"), filed on January 29, 2015. Because the Defendant was indicted prior to his arrest, venue properly lies in the district of the last known residence of the Defendant, pursuant to Title 18, United States Code, Section 3238.

## I.      <u>PROCEDURAL BACKGROUND</u>

On October 30, 2014, a grand jury in the Northern District of Alabama returned an indictment charging Defendant Rick Lee Evans with Aggravated Sexual Assault of a Child in violation of Title 18, United States Code, Section 2241(c).

1

The facts of the indictment allege that the criminal conduct occurred abroad in Germany.   According to the investigation, and as stated in the Defendant's Motion, the Defendant was residing in the Northern District of Alabama at the time of indictment. Doc. No. 23, p. 5 (". . . Mr. Evans had been living in Alabama since 2011."). When the arrest warrant was issued after indictment, the Defendant was temporarily out of the jurisdiction working as a truck driver on a route that FBI determined would take him through the Northern District of Georgia.

On or about December 1, 2014, the Defendant was arrested in the Northern District of Georgia, where he had an initial appearance.   He was subsequently transferred to the Northern District of Alabama.   On December 8, 2014, an initial appearance was held before Magistrate Judge Staci G. Cornelius where a temporary order of detention was entered.   On December 15, 2014, a detention hearing and arraignment were held; and on December 22, 2014, Magistrate Judge Cornelius ordered the Defendant detained pending trial.   On January 29, 2015, the Defendant filed this Motion to Dismiss for lack of venue.

## II.   ARGUMENT

### A. Venue is proper in the Northern District of Alabama, the last known residence of the defendant, because the first condition precedent of Section 3238 did not occur.

The correct reading of Title 18, United States Code, Section 3238 properly

establishes venue in the Northern District of Alabama—which is the defendant's last known residence and, thus, the place of indictment—because he was not arrested or first brought in any district for an offense begun or committed outside the United States. See 18 U.S.C. § 3238.

The government bears the burden to establish venue by a preponderance of the evidence. See United States v. Stickle, 454 F.3d 1265, 1271 (11th Cir. 2006) ("It has long been settled that when the government is proving a non-essential element of a crime, like venue, the prosecution is not required to meet the reasonable doubt standard."); see also United States v. Rivamonte, 666 F.2d 515, 516 (11th Cir. 1982) (citing United States v. White, 611 F.2d 531, 536 (5th Cir. 1980)).   The crimes at issue in this case occurred outside the United States.   Because the offenses were not committed within any State, the usual venue provisions of Title 18, United States Code, Section 3237 are not applicable.   Article III, section 2, of the U.S. Constitution states that "The Trial of all Crimes ... shall be held in the State where the said crimes shall have been committed; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed."   Congress has directed which venue applies to "[o]ffenses not committed in any district" in Title 18, United States Code, Section 3238.   Section 3238 provides that:

3

The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought; **but if such offender or offenders are not so arrested or brought into any district, an indictment or information may be filed in the district of the last known residence of the offender** or of any one of two or more joint offenders, or if no such residence is known the indictment or information may be filed in the District of Columbia.

18 U.S.C. § 3238 (emphasis added).

The clauses within Section 3238 must be read in the disjunctive.   See United States v. Gurr, 471 F.3d 144, 155 (D.C. Cir. 2006); United States v. Hilger, 867 F.2d 566, 567-68 (9th Cir. 1989) (clarified by United States v. Feng, 277 F.3d 1151 (9th Cir. 2002)); United States v. Fraser, 709 F.2d 1556, 1558 (6th Cir.1983); United States McRary, 616 F.2d 181, 185 (5th Cir.1980); United States v. Hsin-Yung, 97 F. Supp. 2d 24, 28 (D.D.C. 2000); United States v. Layton, 519 F. Supp. 942 (D.C. Cal. 1981); United States v. Hay, 376 F. Supp. 264, 268 n. 2 (D. Colo. 1974) (Colorado was appropriate venue because last known residence of defendant was in Colorado Springs and defendant was in Mali); see also 2 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, Criminal § 304 (2d ed. 1999).   The Layton court explains it simply, "the words 'but if' . . . can only be read as making an exception to the first clause."   Layton, 519 F. Supp. at 946. The Feng court states: "[T]he second clause provides an alternate basis upon which to establish venue in

cases where venue has not been established under the first clause of the statute." Feng, 277 F.3d at 1155.

The defendant attempts to distinguish his case from the ruling in Layton. That attempt is unavailing.   While the facts are different—the defendant in Layton was, indeed, imprisoned in Guyana while the defendant in this case was residing in the United States at the time of the indictment—the Layton ruling correctly interprets the law.   In contemplating whether Section 3238 requires that venue must lie in the district in which an offender is subsequently "first brought"[1] after an indictment has been filed, the Layton court reasoned: "Such a rule would represent a sharp deviation from the ordinary rule, in which an indictment is proper only if filed in a district where venue for trial is proper. We believe that, had Congress intended to make a rule so at odds with the common understanding of the consequence of a proper indictment i.e. that a trial in the same district is also proper it would have unambiguously done so." Layton, 519 F.Supp. at 945 (internal citations omitted). The Layton court's ruling was itself unambiguous: "[N]o public policy suggests that Congress intended that venue should lie in the district where the offender was 'first brought' once an indictment has been returned in the district of his last known

---

[1]  The court noted that the term "first brought" means "first restrained of his liberty in connection with the offense charged." See Layton, 519 F. Supp. 942, 943 (citing U. S. v. Erdos, 474 F.2d 157 (4th Cir. 1973); U. S. v. Ross, 439 F.2d 1355 (9th Cir. 1971).).

5

residence." Id.[2]

Section 3238 plainly states two alternatives; and the clause used first in time prevails. In other words, if a defendant is first brought or arrested in a district based on a complaint or prospective indictment, the government cannot subsequently establish venue in a different district based on last known residence.   Conversely, if the government indicts prospectively based on last known residence, it cannot later establish venue based on the location where the defendant is first brought or arrested in connection with the indicted offense.

The defendant in Stickle makes a similar claim to the Defendant's in this case: that at the time of indictment, he was not outside the United States, that he could have been "found" and "arrested" in Iowa and that venue was improper in Florida where the indictment was filed based on the last known residence of a

_____

[2] The court in Layton also specifically found a multitude of reasons to preserve venue where the indictment was brought, which is instructive.   These include:

> [P]rosecuting attorneys in this district have expended an enormous amount of effort to familiarize themselves with the evidence in order to present it to the grand jury. If the case were transferred to New York [where the defendant was first arrested], new prosecutors would have to duplicate this effort in order to prepare the case for trial. Furthermore, the defense attorneys who were appointed under the Criminal Justice Act and compensated with government funds, and who have also spent a considerable amount of time preparing for the trial of these charges, might also have to be replaced if the case were transferred to New York. Such a waste of resources would further no public policy.

519 F. Supp. at 945. To conclude, the Layton court states, "this court does not believe that Congress, in using the word 'indictment' to assign venue, intended to produce the extraordinary and uneconomical result suggested by defendant." Id. at 946.

co-conspirator. <u>Stickle</u>, 454 F.3d at 1272-73. <u>See also</u> 2005 WL 4663261 (Initial Brief of the Appellant, filed Sep. 6, 2005). The <u>Stickle</u> court plainly states: "Since no offender was arrested or brought into any other district, this court looks to the last known residence of any offender." <u>Id.</u> at 1272.   There is no clearer way to elucidate the conditional statement in Section 3238: if there is no arrest then the indictment may be brought in the last known residence of the offender.   By defendant's reading, the results would be absurd and prevent the government from indicting anyone at any point before securing his or her arrest.

     In <u>United States v. Hilger</u>, 867 F.2d 566, 567-68 (9th Cir. 1989), the Ninth Circuit encountered a venue challenge similar to the Defendant's—that under Section 3238 venue properly lies in the district of first arrest subsequent to an indictment—and pointedly dismissed it as improper.   In <u>Hilger</u>, the defendant's last known residence was in Massachusetts.   Despite this fact, the government indicted the defendant in the Northern District of California and arrested the defendant in that district after he appeared in response to a summons issued after the indictment was filed.   The Ninth Circuit concluded: because "Hilger was *arrested* in the Northern District of California *only because* he was responding to a summons. . . . [and] Hilger's residence was known to the government to be in Massachusetts. . . . the indictment in the Northern District of California was improper." <u>Id.</u> at 568.   Citing

7

Layton, the Hilger court stated that the two clauses of Section 3238 "should be read in the disjunctive" emphasizing that "if an indictment is filed before the offender is first brought into any district" venue shall lie in the district of his last known residence. Id. at 568 (citing Layton, 855 F.2d at 1410). So important was this disjunctive reading, that the Hilger court dismissed the indictment because it was *not* filed in the district of last known residence when the government plainly knew this fact. Id.

In the instant case, at the time of indictment the subject had not yet been arrested nor had he been brought to the United States in custody. Because the condition precedent stated in the first prong of Section 3238 had not been satisfied, the Government properly relied upon the second prong of Section 3238 to establish venue in the Northern District of Alabama, the Defendant's last known residence. The Defendant's purported "plain interpretation of the statute" is anything but plain. Doc. No. 23, p. 4. Rather, it is an illogical reading of what would otherwise be plain statutory language and the Defendant's Motion should be denied.

## B. **The law cited by the Defendant is unpersuasive.**

The Defendant's Motion further relies upon cases that are either wholly inapplicable or misconstrued. First, the Defendant's primary support comes from a 1948 case governed by a previous version of the statute. Doc. No. 23, p. 4 (citing

8

Chandler v. United States, 171 F.2d 921, 932 (1st Cir. 1948)).   In Chandler, the statute stated, in its entirety, that "[t]he trial of all offenses committed upon the high seas or elsewhere, out of the jurisdiction of any particular State or district, shall be in the district where the offender is found, or into which he is first brought."   Id.   In fact, the second prong of the statute, the one at issue today—"but if such offender or offenders are not so arrested or brought into any district, an indictment or information may be filed in the district of the last known residence of the offender"—did not exist in any form until 1963.   1963 Amendments. Pub. L. 88-27; see United States v. Layton, 519 F. Supp. 942 (D.C. Cal. 1981) (explaining the legislative history of 18 U.S.C. § 3238).

Second, the Defendant cites United States v. Holmes, 672 F.Supp.2d 739 (E.D.Va. 2009), only to misconstrue its holding.   Doc. No. 23, p. 4-5.   In that case, the offense (sexual abuse of a child) occurred in Japan; the defendant was indicted in the Eastern District of Virginia; the defendant lived in Illinois at the time of the indictment; and the defendant was arrested in North Carolina.   Holmes, 672 F.Supp.2d at 740, 742.   The court did reverse its previous order which had found that the venue was proper in the Eastern District of Virginia, Id. at 745-46, as described in the Defendant's Motion.   Doc. No. 23, p. 4.   However, the court found that the venue was not proper in the Eastern District of Virginia not because the

9

defendant was residing in the United States at the time of the indictment or because the defendant was arrested in North Carolina, but only **because the defendant's last known residence at the time of the indictment was in Illinois, not the Eastern District of Virginia.**   Id.

Third, the Defendant cites United States v. Wharton, 320 F.3d 526 (5th Cir. 2003), which is neither analogous nor applicable. Doc. No. 23, p. 4.   There, the defendant, who worked for an insurance company in Shreveport, Louisiana, was convicted of killing his girlfriend with whom he had been conspiring to commit insurance fraud.   Wharton, 320 F.3d at 529-31.   The procedural background consisted of two separate criminal cases.   Id. at 536.   First, a complaint was first filed in the Western District of Louisiana on insurance fraud.   Id.   The defendant was found and arrested in Florida and transferred to Louisiana.   Id.   Second, the defendant was later indicted in the Western District of Louisiana on the murder charge.   Id.   The Wharton court found that venue was proper in Louisiana, not Florida, because the defendant was not "arrested" on the foreign murder charge until he was in Louisiana. Id. at 536. In essence, Wharton stands for the proposition that the government may bring additional charges in the district where the defendant is already in custodial detention pursuant to a properly filed criminal complaint.   Not

only does _Wharton_ differ factually but it also does not address the issue at controversy in the instant case.

The Defendant is mistaken. Venue is properly established for indictment purposes in the Northern District of Alabama based on his last known residence pursuant to Section 3238 and his Motion should be denied.

### III.    CONCLUSION

The Court should deny the Defendant's Motion to Dismiss for lack of venue. The indictment was properly filed in the district of the Defendant's last known residence pursuant to the second clause in Section 3238, which clearly presents an alternative to the "first arrest" provision when such an arrest has not yet occurred. Therefore, venue shall lie in this District.

For the reasons set forth above, this Court should deny the Defendant's Motion to Dismiss.

Respectfully submitted this the 4th day of February, 2015.

JOYCE WHITE VANCE
United States Attorney

_/s/ Jacquelyn M. Hutzell_
JACQUELYN M. HUTZELL
Assistant United States Attorney

_/s/ Sarah Chang_
Sarah Chang
Trial Attorney

## CERTIFICATE OF SERVICE

I hereby certify that, on February 4, 2015, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide defense counsel with a copy of this filing.

/s/   *Jacquelyn M. Hutzell*
Jacquelyn M. Hutzell
Assistant United States Attorney

ADDRESS OF COUNSEL:
United States Attorney's Office
1801 Fourth Avenue North
Birmingham, AL 35203
Telephone:  (205) 244-2001
Fax:          (205) 244-2182
Email:       Jacquelyn.Hutzell@usdoj.gov