**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | **Case No.: 1:14-CR-333-AKK-JEO** |
| | ) | |
| RICK LEE EVANS | ) | |

**OBJECTIONS TO MAGISTRATES'S REPORT
AND RECOMMENDATION**

COMES NOW, Rick Lee Evans, by and through his undersigned counsel and hereby

objects to the factual findings and conclusions of law contained in the Report and

Recommendation entered May 21, 2015 (Doc. 62), by stating as follows:

**I.  BACKGROUND**

Although Mr. Evans acknowledges, as noted in FN1 of the Report and Recommendation,

that much of the background information is derived from Mr. Evans's Motion to Dismiss, Mr.

Evans has conducted further investigation and review of the facts since the filing of his Motion.

In light of this further review, Mr. Evans disagrees with and objects to the following factual

findings:

1.      Mr. Evans objects to the statement regarding the dates which the alleged offense

occurred.  Mr. Evans  believes that the Indictment should be dismissed for lack of

specificity.  M.C.'s statements are so inconsistent, Mr. Evans's believes it is impossible

to determine the offense for which is being accused and the dates of the accusation.  Mr.

Evans noted in the most recent hearing held in this matter on May 26, 2015, that if M.C.'s

statement during her most recent interview was true about when the offense allegedly

occurred, it could not have occurred during the dates alleged in the Indictment.

Therefore, Mr. Evans objects in general to the Indictment and specifically to the dates that

the acts allegedly occurred.

2.    Mr. Evans agrees that he was released from active duty on June, 2008 but believes that

the proper factual statement should include the time that he was a member of the Army

Reserves.  Specifically, Mr. Evans states that Mr. Evans was a member of the United

States Army Reserves until March 1, 2011.

3.    Mr. Evans states that while M.C. detailed sexual activity occurring in Germany during her

July 10, 2009 interview, that M.C. did not allege any sexual activity with Mr. Evans

during that interview that is a violation of 18 U.S.C. § 2241(c).

4.    Mr. Evans objects to the characterization that the German authorities "terminated the

investigation."  After further investigation by Mr. Evans, Mr. Evans states that he was

prosecuted by German authorities for sexual abuse of M.C. and that after a full

investigation, the case was dismissed.  *See* **Exhibit A**, Order from German Prosecutor's

Office, dated 6/24/2010.

5.    Mr. Evans objects to the statement regarding the January 24, 2011 letter allowing the

United States to assume jurisdiction over the matter.  Mr. Evans states that even though a

letter was sent from the Department of Army on January 24, 2011 requesting a release of

jurisdiction, the letter would not have allowed the United States to assume jurisdiction

over the matter because the Military Extraterritorial Jurisdiction Act prohibits

prosecutions that have already been prosecuted by the receiving state and because the

2

Status of Forces Act prevented Mr. Evans from being prosecuted a second time.  *See*

**Exhibit B**, Sophie Zach Letter, January 24, 2011.  Mr. Evans also notes for the record

that he has disputed and continues to dispute that had the Military Extraterritorial

Jurisdiction Act and/or the Status of Forces Agreement allowed for a transfer of

jurisdiction, that the German authorities did not waive jurisdiction as required by the

Status of Forces Agreement.  *See* Reply to Gov's Opposition to Motion to Compel (Doc.

63), letter from Heidelberg District Attorney, dated January 25, 2011 (Doc. 66).

6.     Mr. Evans objects to the statement regarding his last know address.  Specifically, Mr.

Evans states that the government did not conduct a sufficient search for determining the

whereabouts of Mr. Evans prior to the filing of the indictment and therefore Venue is not

proper in the Northern District of Alabama because he was arrested in the Northern

District of Georgia.  In fact, the only evidence in the record regarding Mr. Evans's

whereabouts is that during the Detention hearing, Agent Salser testified that Mr. Evans

had been working in the United States under his name and under his social security

number and that he filed taxes for the past two years.  *See* Tr. of Det. Hr. at p. 26.

7.     After briefing on this issue and just 3 days before the Report and Recommendation was

issued, the government filed a 41-page opposition to Mr. Evans's Motion to Compel

certain documents (Doc. 60).  On pages 38-40 of the response, the government provided a

timeline of the relevant dates associated with the case.  Mr. Evans requests that the facts

be supplemented to include the following:  On page 39 of the response, the government

admitted that it determined the "appropriate venue for the case" before making any effort

to find Mr. Evans.  *See* Opposition to Motion to Compel (Doc. 60), at p. 39.  In fact, the

Department of Justice contacted the U.S. Attorney's Office in the Northern District of

Alabama at the same time that "efforts to locate" Mr. Evans began.  The goverment did

not provide any of these "efforts" to the Court.  However, it is clear from the timeline that

the Northern District of Alabam was engaged by August 2014 when an Assistant United

States Attorney from the Nothern District of Alabama interviewed M.C. It does not

appear that the Department of Justice went to Mr. Evans's residence until after Grand

Jury proceedings, at which time they note that he was not present.  *See Id.* at p. 40.  There

is not indication in the record that Mr. Evans was unable to be found.


## II.  VENUE

Mr. Evans objects to the legal conclusions contained in the Venue section of the Report

and Recommendations.  First and foremost, Mr. Evans argues that the government does not have

jurisdiction to try this case and incorporates the arguments contained in his Motion to Dismiss

for Venue (Doc. 23), Reply to the Government's Opposition for Dismissal (Doc. 35), and Motion

to Dismiss for Jurisdiction (Doc. 37) as if fully set forth herein.  However, if the Court were to

decide that the government has jurisdiction, Mr. Evans states that venue is not proper in the

Northern District of Alabama because 18 U.S.C. § 3238 requires that this case be tried in the

Northern District of Georgia where Mr. Evans was arrested.  The Report and Recommendation,

relying on *U.S. v. Layton*, reads a qualification into the statute to try and save the indictment.

Under the Report and Recommendation's interpretation, the statute should read: "The trial . . .

shall be in the district in which the offender . . . is arrested [IF the arrest occurs before an

4

indictment is returned.]" But, the plan language of the statute contains no such qualification. If the defendant is arrested, the trial must occur at the place of arrest. The statute does not address whether the arrest occurs before or after the indictment is returned. Therefore, the Court must dismiss the indictment because where the plain language of the statute is clear, an alternative interpretation cannot be supported.

18 U.S.C. § 3238 is a long-arm statute that is used in rare cases where a defendant commits a crime out of the jurisdiction of any particular state or district. *See* 2 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, Criminal § 304 (4th ed. 2014). 18 U.S.C. § 3238 does not permit the government to "take a person into custody in a district where a federal court exists with jurisdiction to try the alleged offense for which the person is held in custody and then transport him or her to another district for trial there." Id. It is not an either/or statute giving the government a license to forum shop. Instead, the statute has been interpreted to mean that if the government cannot establish venue by the first clause  - arresting the defendant - then, and only then, can the government establish venue in the district of his last known residence or the District of Columbia if no such residence is known. *See* 18 U.S.C. § 3238. All of the cases that have addressed this issue have held that if the defendant is arrested, then venue is established in the district of the arrest.

The cases directly on point are *U.S. v. Wharton*, 320 F.3d 526 (5th Cir. 2003), *U.S. v. Holmes*, 672 F. Supp. 2d 739 (E.D. Va. 2009), U.S. *v. Catino*, 735 F.2d 718 (2nd Cir. 1984), and *U.S. v. Erdos*, 474 F.2d 157 (4th Cir. 1973). In *Wharton*, the 5th Circuit found venue was proper where the defendant was arrested in Florida on a complaint out of Louisiana for insurance fraud but then once transferred to Louisiana, tried for murder in Haiti on an indictment that was issued

5

subsequent to the defendant's transfer to Louisiana.  The Appellate Court stated in finding venue proper where Mr. Wharton was arrested, "The purpose of the venue statute [18 U.S.C. § 3238] is not to fix the place of arrest but simply to have the place of trial conform to the place of arrest." *Wharton*, 320 F.3d at 536.  Therefore, the Court found that the proper venue was the place where the defendant was arrested on the charge contained in the Indictment.

In *Holmes*, the District Court in the Easter District of Virginia focused its holding that venue was not proper in Virginia but analyzing the "first arrest" portion of the statute.  The Court looked to the Second Circuit holding in *U.S. v. Provoo*, and concluded that the venue statute "must be strictly construed so as to only apply where the defendant was first placed into apprehension, and not so that the place of the trial dictated where the place of the arrest occurred."  *Holmes*, 672 F. Supp. 2d at 748 (citing *Provoo*, 215 F.2d 531, 537 (2d Cir. 1954).  In deciding the venue was proper in North Carolina, which was the place of arrest, the Court stated that to hold otherwise, "would likely violate the purpose of the venue statute" and that because the defendant's first arrest was North Carolina, then venue did not lay in the Eastern District of Virginia.  *Id.* at 748-49.  The Court went on to say "ordering North Carolina as a proper venue does not grant a suspected child molester criminal immunity.  Rather, it simply means that venue under this Indictment is improper."  *Id.* at 749.  Although the government argues that the holding in *Holmes* indicates that a trial can be held in the venue of the defendant's last known residence, that is not the holding in the case.  After deciding that North Carolina is the proper venue because that is where the defendant was arrested, the Court addresses the government's argument that in the alternative, venue should lie in the Eastern District of Virginia because that was the defendant's last know residence.  The Court dismisses this argument because Eastern Virginia

6

was not the last known residence. Therefore, the Court does not decide the merits of this alternative argument. *Id*. at 749.

In *Catino*, the court in the Southern District of New York issued a bench warrant for failing to surrender for a sentence in 1975. *Catino*, 735 F.2d at 720. In February 1977, the Eastern District of New York indicted Catino for importing heroin. *Id*. But, Catino was held by France for prosecution on an unrelated matter. *Id*. at 721. When he completed his French sentence, he was placed on a plane bound for the Eastern District of New York where he was arrested on the indictment. *Id*. In 1981, the Eastern District dismissed the indictment and Catino was transferred to the custody of the Southern District in compliance with the fugitive warrant. *Id*. In 1982, Catino was indicted in the Southern District for bail jumping and using a false America passport while outside the jurisdiction. *Id.* at 721, 723. In determining the appropriate venue, the court found that "Courts consistently have interpreted 'arrested' in § 3238 to mean that 'venue is in that district . . . where the defendant is first restrained of his liberty *in connection with the offense charged*." *Id*. at 724. The Court found that it was not until Catino was in custody in the Southern District of New York that he was indicted for the passport violation. Therefore, the Court concluded, "Since the Southern District was the district where Catino was actually restrained in connection with the passport charge, venue lay exclusively within that district." *Id*.

In *Erdos*, the defendant was tried and convicted of voluntary manslaughter for killing the victim while in Equatorial Guinea. *Erdos*, 474 F.2d at 158. The defendant argued that venue should have been in the District of Massachusetts where Erdos's plane first landed. *Id*. The Appellate Court found that because Erdos was not held in Boston during the unscheduled stop

and because all fo the evidence showed that he was free to go, that venue was proper in the Eastern District of Virginia.  *Id.* at 161.  The Court held that "after carefully examining the record we believe there was ample evidence from which the district court could find that Erdos was *not* in custody within the meaning of 18 U.S.C. § 3238 when his flight landed in Boston and, therefore, that venue was appropriate in the Eastern District of Virginia since that was the district in which he was first arrested."  *Id.*

Even the cases cited by the Report and Recommendation support that the proper venue for this case is the Northern District of Georgia.  The cases supporting the Report and Recommendation stand for the proposition that if the defendant is out of the country or cannot be found, then and only then, can the government establish venue in the last known residence or the District of Columbia.  But, that was not the case in Evans.  In fact, the only evidence in the record shows that the government decided on venue and filed the indictment before ever going to Mr. Evans's house.  The cases cited by the Report and Recommendation do not allow for forum shopping - the cases require the government to show that the government had a reasons for establishing venue under the second clause such as the defendant being out of the country or unable to be located.

The first cases cited by the Report and Recommendation is *U.S. v. Gurr*.  The Court of Appeals for the District of Columbia dismissed Gurr's objection to venue because Gurr was indicted in the District of Columbia while he was residing in American Somoa, which the Court found to be outside the United States for purposes of establishing venue.  *U.S. v. Gurr*, 471 F.3d 144, 146, 155 (D.C. App. 2006).  Gurr argued that because he was arrested in Hawaii, that venue

should lie in Hawaii.  But, the appellate court found that because he was not in the United States until after he was indicted in the District of Columbia, venue was proper in D.C.  *Id*.

And although the Report and Recommendation cites to *U.S. v. Hilger*, 867 F.2d 566 (9th Cir. 1989),  to support its holding, the 2002 Ninth Circuit case of *U.S. v. Feng*, 277 F.3d 1151 (9th Cir. 2002) clarifies the holding in *Hilger*.  Specifically, the *Feng* court stated that the purpose of allowing prosecutors to file in the district of the last known address was to provide an alternate place to file and initiate criminal proceedings "in a situation in which the offender, not clearly a fugitive, existed abroad or his location was unknown."  *U.S. v. Feng*, 277 F.3d 1151, 1155 fn.2 (9th Cir. 2002) (clarifying *U.S. v. Hilger*, 867 F.2d 566 (9th Cir. 1989).  The defendant in *Feng* argued that venue was improper because the government filed an indictment in the Southern District of California before he was arrested or first brought, even though he was arrested in the Southern District of California.  *Id*. at 1154.  The Ninth Circuit found that because the defendant was arrested in the Southern District, the government established venue under the first clause and that the second clause provides a basis for venue where venue has not been established under the first clause.  *Id*. at 1155; *see, also*, *U.S. v. Liang*, 224 F.3d 1057 (9th Cir. 1057) (reversing a district court decision and finding that venue was in Guam because that is where the defendant was arrested).  In *Feng*, the Court clarified the holding in *Hilger* by noting that Hilger was not, in fact, "arrested" in the Northern District within the meaning of 18 U.S.C. § 3238 because he appeared on a summons.  The *Feng* court also addressed the holding in *U.S. v. Layton*, 855 F.2d 1388 (9th Cir. 1988), which is cited extensively in the Report and Recommendation.  *Feng* distinguished its facts from *Layton* by clarifying that the indictment was filed in the district of the defendant's last know residence "*before the offender entered the United States*."  *Feng*, 277 F.3d

9

at 1155 (emphasis added).  In holding that venue was proper, the *Feng*  court stated that regardless of whether the defendant was "first brought" into the Southern District of California "before, after, or at the same time the indictment was issued in that district, venue was proper under the first clause of 18 U.S.C. § 3238" because he was arrested in the Southern District of California, thereby establishing venue under the first clause.  *Id*. at 1156.

And, in *U.S. v. Fraser*, which the Report and Recommendation cites in support of its position, the Sixth Circuit upheld a decision by the Tennessee district court finding venue appropriate in the Middle District of Tennessee where "if the indictment in question is filed *before* the offender is brought into this country, venue may be in the district of the offender's last known residence.  Otherwise proper venue is in the district where the offender is 'arrested or first brought.'" 709 F.2d 1556, 1558 (6th Cir. 1983).  In this case, an indictment was issued charging the defendant with being an accessory after the fact to an escape while the defendant was located in Canada.  *Id*. at 1556.  The government argued that the Middle District of Tennessee was the proper venue because Fraser had not been brought into any district in the United States before the indictment was filed.  *Id*. at 1558.  The court agreed with the government's argument that they could establish venue under the second clause of § 3238 because the defendant was out of the country at the time the indictment was filed.

The government has taken this position in other cases that venue is proper where the defendant is arrested.  In *U.S. v. Green*, a complaint was filed against Green in the Western District of Kentucky for various crimes including conspiracy to commit murder and murder while in Iraq. Mr. Green was arrested in North Carolina.  At his initial appearance in the Western District of Kentucky, Mr. Green waived any challenge to whether the Western District of

Kentucky was the appropriate venue for further proceedings because the government and Mr.

Green knew that he had a legitimate challenge to venue since he was arrested in North Carolina.

*See* **Exhibit C**, *U.S. v. Green*, Case #5:06-CR-19 (W.D.K.Y. 2006), Order on Initial Appearance

(Doc. 6) and Docket Report.  Mr. Green's decision as to why he waived venue is not important to

this issue.  What is important is that by arresting Mr. Green in North Carolina, the government

and the Western Kentucky District court acknowledged that venue could be challenged unless

Mr. Green waived his right to a venue challenge.

   In *U.S. v. Stickle*, the defendant challenged venue when he was charged in Florida

because he alleged that the location of the charge was on the high seas and that he should have

been charged in Iowa where he was arrested.  The District Court and the Eleventh Circuit found

that he was not arrested for purposes of 18 U.S.C. § 3238 because Stickle surrendered in Iowa

and was released.  The Court stated, "Since no offender was arrested or brought into any other

district, this court looks to the last known residence of any offender."  *U.S. v. Stickle*, 454 F.3d

1265, 1272 (11th Cir. 2006); *See*   **Exhibit D**, *U.S. v. Stickle*, 1:04-CR-20072, Order on Initial

Appearance (Doc. 8), Warrant for Arrest (Doc. 5).  In its response to the defendant's motion for

dismissal, the government stated that the statute "mandates through its use of the prescriptive

'shall', that the trial must be held in '...the district in which the offender or any one of two or

more joint offenders is arrested or is first brought; . . .' However, they argued that: "the first, and

mandatory, choice of forum under § 3238 does not resolve the question herein because, as the

Court's record demonstrates, none of the 5 defendants charged in Count 2 were arrested or

brought into *any* district prior to charges being preferred in this case." *See* **Exhibit E**,  *U.S. v.*

*Stickle*, (Doc. 65 at p. 4).  It also should be noted that in this case, one of the co-defendant's was

a fugitive thought to be in Athens, Greece.  *See* Defendants' Joint Motion to Transfer Venue,

Case. No. 04-20072, S.D. Fla. (Doc. 28).  The fact that one of the co-defendant's was not in the

country at the time of the filing of the indictment, is consistent with the *Layton* line of cases

allowing venue to be established in the last known residence of a co-defendant when the

defendant is a fugitive. *See* **Exhibit F**, *U.S. v. Stickle*, Docket Report.

Because Mr. Evans was arrested in the Northern District of Georgia, venue lies in

Georgia.  The statue is clear: if a defendant is arrested or brought into a district, then the trial

shall be held in that district.  18 U.S.C. § 3238.  Only if the defendant is not arrested, may an

indictment be filed in the district of last known residence or if no residence is know then in the

District of Columbia.  *Id*.  The statute has been interpreted to mean that the first clause is

mandatory.  But, the government ignored the mandatory venue requirement when they

determined venue before ever trying to find Mr. Evans.  In order to comply with the venue

statute, the government had several choices: 1) the government could have located Mr. Evans,

filed a complaint, and arrested him where he was located; 2) the government could have tried to

find Mr. Evans, determined that he was unable to be located, and established venue by the second

clause; 3) the government could have filed a complaint in the Northern District of Alabama and

indicted Mr. Evans in Georgia after arrest; 4) the government could have filed in the indictment

in the Northern District of Alabama and waited to arrest Mr. Evans upon return to his residence

since it had already been more than 5 years since M.C. first alleged misconduct; or 5) the

government could have filed in the indictment in the Northern District of Alabama, summoned

Mr. Evans, and allowed him to appear in the Northern District to ensure that his liberty was not

restrained until he was in the Northern District of Alabama.  But, instead, the government chose

to proceed by way of indictment in the Northern District of Alabama and arrest in the Northern

District of Georgia.  By arresting Mr. Evans in Georgia, the government must now proceed in

Georgia in order to fix "the place of trial [to] conform to the place of arrest."  *See Holmes*, 672 F.

Supp.2d at 748;  Wharton, 320 F.3d at 536; *U.S. v. Catino*, 735 F.2d at 724; *U.S. v. Liang*, 224

F.3d, at 1061; *U.S. v. Provoo*, 215 F.2d at 538.

### III.  CONCLUSION

Mr. Evans objects to the conclusion issued in the Report and Recommendation.  Specifically,

Mr. Evans objects to the legal conclusions and states that his Motion to Dismiss for Lack of Venue

(Doc. 23) is due to be granted for the reasons set forth in his Motion, his Reply to the Government's

Opposition (Doc. 35) and for the reasons set forth in this Objection.


Respectfully submitted,

KEVIN L. BUTLER
Federal Public Defender

**/s/Sabra M. Barnett**

Sabra M. Barnett
Assistant Federal Public Defender
Office of the Federal Public Defender
Northern District of Alabama
505 20th Street, North, Suite 1425
Birmingham, Alabama 35203
(205) 208-7170 Office
Sabra_Barnett@fd.org

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 4, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.


Respectfully submitted,

## <u>/s/Sabra M. Barnett</u>