IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | Case No.: 1:14-CR-333-AKK-JEO |
| | ) | |
| RICK LEE EVANS | ) | |

**MOTION FOR RECONSIDERATION OF MAGISTRATE'S ORDER DENYING MOTION TO COMPEL CERTAIN OF THE REQUESTED DOCUMENTS, OR IN THE ALTERNATIVE, MOTION FOR *IN CAMERA* REVIEW OF THE REQUESTED DOCUMENTS**

Mr. Evans asks this Court to reconsider its Order (Doc. 72) denying Mr. Evans's Motion to Compel certain documents. Specifically, Mr. Evans requests that this Court order that certain of the requested documents be produced because he has made a showing that the 5-year delay was not for investigative purposes. In the alternative, Mr. Evans requests this Court to conduct an *in camera* inspection of the documents and make a determination about the reason for the delay.

I.  **Mr. Evans has made a preliminary showing that the Government's violated his due process rights when it failed to prosecute in a timely manner**

   a.   **The requested documents are necessary to fully brief and argue Mr. Evans's Second Motion to Dismiss for Failure to Prosecute**

In order to support his Second Motion to Dismiss for Failure to Prosecute, Mr. Evans's must be able to review the following documents:

1

(1) Any and all physical and electronic communication concerning the sexual allegations made by M.C. (whose name is known to the Court) in the possession of the United States Army from June 2009 through October 20, 2014 (the "Applicable Time Period"), which include but are not limited to, any and all communication concerning the investigation of the allegations, and any and all communication regarding the investigation and prosecution of Mr. Evans.

(2) An email from CPT Daniel J. Murphy, Chief Military Justice, Office of the Staff Judge Advocate, Heidelberg Germany, which contains a memorandum regarding the prosecution under the Military Extraterritorial Jurisdiction Act pertaining to Mr. Evans and a copy of the memorandum referenced in the email.

(4) Any other documents that have not already been provided that relate to decisions regarding the prosecution of Mr. Evans including, without limitation, documents regarding the initial determination that Germany had exclusive jurisdiction over the case as referenced in the letter from A. Caderousse located at Bates # 9-10; any communication or internal memoranda between July 2, 2010, when the United States Army was first notified of the dismissal of the sexual abuses charge and January 24, 2011, when the United States Army requested release of jurisdiction; any documents regarding the investigation of Mr. Evans following the January 24, 2011 request for jurisdiction that have not already been provided; and any and all communication and memoranda addressing this case and the decision to prosecute this case between January 24, 2011 and the time that the Indictment was filed.[1]

### b. Mr. Evans has made the requisite showing to review the documents

The Government's own filing contradicts the statement made by the Government that the delay was caused by the "need for careful investigation." *See* Gov.'s Supp. Brief (Doc. 60), at 11; *but compare Id*. at pp. 39-40. It is obvious from the timeline provided in the filing that no additional investigation was conducted that would further the case following the Government's request to assume jurisdiction. *Id*. In fact, the Government's filing shows that the delay was for "pre-indictment deliberation," which amounts to deliberate delay for the purpose of gaining a

---

[1] The numbers of the requested documents correspond with the requests from Mr. Evans's Motion to Compel (Doc. 50).

tactical advantage – the Government took more than five years to forum, and jurisdictional, shop to decide the most advantageous place to indict this case. *Id*.

Assuming the timetable included in the Government's Opposition Motion is correct, the Government was notified of Germany's decision to dismiss the case against Mr. Evans on June 24, 2010. The Government waited 7 months – from June 24, 2010, until January 24, 2011 – to request jurisdiction over the case. *See Id*. at p. 39. During that entire time – from the initial allegation in 2009, DOD could have prosecuted the case.[2] Then, after DOD believed that they had assumed jurisdiction, which Mr. Evans disputes, DOD took 3 months to internally refer the case from CID to JAG – from February 8, 2011 until May 17, 2011. *See* Id. Next, DOD held the case for and an additional 1 year before forwarding the case to DOJ - from May 17, 2011, until May 2, 2012. *See Id*. Twenty-two months seems like an extremely lengthy delay when read in connection with the Government's Supplemental Briefing on Mr. Evans's Second Motion to Dismiss where the Government claims that the DOD could have never prosecuted Mr. Evans. *See* Doc. 59.

Once the official request was forwarded to DOJ, 16 months passed – May 2012 through September 2013 – for the "transfer of investigative files and evaluation of case viability." *See Id*. Then, the Government took four months to determine the "appropriate venue for the case" and make efforts to "obtain German evidence and case files." *See Id*. Following this effort, the

---

[2] Mr. Evans acknowledges that in the Government's most recent filing in response to his Second Motion to Dismiss, the Government argues that DOD could have never prosecuted the case because they did not have jurisdiction over the last six months of the alleged offense. However, if that is the case, and the Government knew that was the case, then it is highly suspicious why the DOD held the case from June 2010 through May 2, 2012 – nearly 2 years – before referring it to the DOJ. *See* Gov.'s Response at p. 39.

Government enlisted the U.S. Attorney's Office for the Northern District of Alabama, met with M.C. twice, obtained case files, looked for Mr. Evans, and finally indicted Mr. Evans in October 2014. *See Id*. at 39-40.

It is clear from the Government's own filing that no additional investigation took place after September 2010 but yet more than 4 years passed before the U.S. government brought an indictment in this case. This type of delay is the exact delay contemplated by *U.S. v. Lovasco* and *U.S. v. Marion*, where the Supreme Court left open the possibility for a due process violation where delay occurs absent an investigative delay. *See* 431 U.S. 783, 795 (1977) ("investigative delay is fundamentally unlike delay undertaken by the Government solely 'to gain tactical advantage over the accused.'"); 404 U.S. 307, 324 (1971) ("the Due Process Clause of the Fifth Amendment would require dismissal of the indictment if it were shown at trial that the pre-indictment delay in this case caused substantial prejudice to [defendant's] rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused.").

The Court distinguishes this case from *U.S. Santiago*, 987 F. Supp. 2d 465 (S.D.N.Y. 2013) by relying on findings made by that Court after a full evidentiary hearing in which internal correspondence was produced. *See U.S. v. Santiago*, 988 F. Supp. 2d 247, 269 (S.D.N.Y. 2013) (ordering a hearing on the defendant's Motion to Dismiss for Pre-indictment Delay); *U.S. v. Santiago*, 987 F. Supp. 2d 465 (S.D.N.Y. 2013) (finding defendant's due process rights were violated after an evidentiary hearing). In this case, the Court has not held an evidentiary hearing on this matter. The only evidence regarding the reason for the delay was proffered by the Government. The Government provided the following reason for delay – its "need for careful investigation and pre-indictment deliberation amongst agents and prosecutors." Yet, the

government's statement that it delayed for "investigation" is not supported by their own filing or the evidence in this case. The investigation was conducted by Army CID and the German authorities. No further investigation took place following the dismissal by Germany. The government's statement that it delayed for "pre-indictment deliberation" must be explored because it admits that it "advertently delayed" the case. The only possible conclusion must be that it was an advertent delay to gain a tactical advantage on where to best position this case for trial.

The Army waited seven months to request jurisdiction, all of which time they could have recalled Mr. Evans and subjected him to Court Martial. Then, the Army waited an additional 15 months before forwarding the case to the Department of Justice. Meanwhile, it appears from the Government's filing that the case was tossed between Army CID and Army JAG throughout those 15 months – all the while knowing that the Heidelberg base was closing and that witnesses were moving. *See* Reply, at p. 4 (Doc.63). Then, the Department of Justice – without any further investigation – held the case for more than two years before indicting. Because the purpose was not for investigative reasons, Mr. Evans has made a showing that some of the evidence tends to show the existence of the essential element of his claim that his due process rights were violated. *See U.S. v. Armstrong*, 517 U.S. 456, 468-69 (1996) This is especially true in light of the Court's reliance on findings made in *Santiago* following an evidentiary hearing where the Court was privy to the internal correspondence regarding the reason for the delay.

II.   **An Order compelling certain of the requested documents is necessary for proving the advertent decision to delay for tactical purposes**

Mr. Evans has been prejudiced by the delay. The government spent more than four years after the completion of the investigation to decide who was going to prosecute Mr. Evans and where Mr. Evans was going to be prosecuted. No investigation took place during this time to further this case. Four years to decide the prosecuting agency and where to prosecute is a tactical advantage contemplated by the case law. *See, e.g.*, *See Santiago*, 987 F. Supp. 2d at 492. And while the Government spent four years advertently deciding on the most advantageous forum for prosecution, the Government's delay stripped Mr. Evans of his constitutional rights to have compulsory process for obtaining witnesses and to cross examine and confront witnesses that would provide exonerating testimony. As a result, Mr. Evans is entitled to review the requested documents (1), (2), and (4), in order to fully brief his Second Motion to Dismiss and conduct an evidentiary hearing in this matter.

In the alternative, Mr. Evans requests that this Court order that the documents be produced for an *in camera* review. Should the Court conclude that the decision to delay was for purposes of gaining a tactical advantage, the Court could then either rule on Mr. Evans's Motion to Dismiss for Failure to Prosecute without conducting an evidentiary hearing, or provide those documents to counsel for the purpose of conducting an evidentiary hearing on this matter. Mr. Evans has made a showing that the delay was not for investigative purposes. He also has made a showing that despite the government denying that the DOD could not prosecute Mr. Evans, the DOD held the case for two years before forwarding the case to the Department of Justice during which time it appears that the case was passed between Army CID and JAG. Then, the Department of Justice held the case for an additional two years without any explanation other than "need for careful investigation and pre-indictment deliberation." However we know that no

investigation took place after September 2010.  And "pre-indictment deliberation" is advertent delay.  Therefore, these internal "pre-indictment deliberation" documents must be reviewed to determine the purpose of the delay and whether those decisions violated Mr. Evans's due process rights and those "fundamental conceptions of justice which lie at the base of our civil and political institutions."  *Lovasco*, 431 U.S. at 790.   Where the constitutional protection of due process is at issue, the Government's bare assertion that the delay in the case was for investigation is insufficient given the long delay, the questions, issues raised, and showing that the defendant has made this an issue.

        Respectfully submitted,

        KEVIN L. BUTLER
        Federal Public Defender

        **/s/Sabra M. Barnett**
        Sabra M. Barnett
        Assistant Federal Public Defender
        Office of the Federal Public Defender
        Northern District of Alabama
        505 20th Street, North, Suite 1425
        Birmingham, Alabama 35203
        (205) 208-7170 Office
        Sabra_Barnett@fd.org

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 25, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

                                          Respectfully submitted,

                                          **/s/Sabra M. Barnett**