FILED
2015 Aug-04 AM 11:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit D

409

Prosecutor's Office  
33 Js 13940/09

Heidelberg, 06/24/2010

Order:

I. Note:

The investigation is completed.

II. [circled] Regular discharge

III. [circled] Exhibit log to be turned over to the exhibit officer with the request to return all seized items to Rick Evans as the last holder **with the exception of the external hard drives "Verbatim" and "Crossfire 160 GB as well as the "Dell" computer**.

IV. The investigation proceedings are abandoned according to § 170 (2) StPO [German Code of Criminal Procedure] to the extent the accused is charged with having sexually abused the child ▮▮▮▮▮▮▮▮ in an unknown number of cases during the time from May 2007 to December 2008.

### Reasons

From May 2007 to December 2008 ▮▮▮▮▮▮▮▮ was in the care of the accused in Heidelberg. Her parents were on an overseas deployment with the US Army. After the girl was with her grandmother in the United States, she displayed conspicuous sexualized behavior. In particular she is said to have told her grandmother in July 2009 that she wanted a boyfriend with whom she could have sex. The accused had told her everything about sex. After additional questioning of the child substantiated the suspicion that the accused could have sexually abused the girl, criminal charges were filed against him.

In the end the efforts of the investigative authorities to corroborate the girl's statements based on objective evidence were unsuccessful. Image and movie files with child pornography content were found on several storage media during a search of the apartment of the accused. With regard to this aspect criminal proceedings will proceed. However, it is not permitted to draw the conclusion that someone who is in possession of child pornography does in fact abuse children.

The problem to prove the charges of child molestation in particular was due to the fact that the child witness was not available to the German investigative authorities and therefore could not be tested and questioned in a timely manner by accredited experts for forensic psychology of evidence. Instead, there even were contradictions and inconsistencies in the course of the interviews of the child that were conducted in the United States and these could not be clarified in the course of the subsequent investigations.

The decisive reason for abandoning the proceedings was the expert opinion of the experienced expert, psychologist Otto-Lotz, concerning the girl's competency to testify. After reviewing the files and watching the video questioning of the child she came to the conclusion that it "no longer is possible to use the scientific methods of psychology of evidence to filter out, with a reliable degree of certainty, what details of a potential new statement of the child would be based on original and autonomous memories and what details would be based on suggestive influences, confabulations and source confusion." The expert reasons that between the time the girl first made the sexualized comments to her grandmother and the last possible sexual abuse so much time had passed that one had to assume a considerable waning of the clarity of the child's memories. Furthermore, the changes in the content of the different interviews indicated that any real experiences were falsified by figments of her imagination or by projections of individuals. In addition, it was not possible to ascertain to what extent any suggestive processes had taken place in the course of the investigation proceedings.

Although the expert also pointed out that there are clear indications that the information provided by the child are based on experiences, this assessment cannot change the result that the required proof of specific abuse activities in the criminal investigation proceedings cannot be provided based on the evidence that is available.

Evans-000930-Discovery

Since, based on the reasonable assessment of the expert, it seems unlikely that a new questioning of the child by the expert would provide any scientifically sound certainty, the proceedings with regard to the charge of sexual abuse of children must be abandoned despite the indications that the accused – somehow – "influenced" the child sexually. A conviction of the accused in light of these charges seems insufficiently likely based on the results of the investigation.

V.  [circled] The accused will be notified through his attorney Dr. Brinkmann that the proceedings are abandoned.

VI.  [circled] The complainant will be notified that the proceedings are abandoned, including reasons and RMB [extension unknown], through CID with the addendum: with regard to the charge of possession of child pornographic material an order imposing punishment will be filed with the court.

VII.  [circled] Order imposing punishment based on draft (exchange)

VIII.  [circled] Payment form

IX.  Notifications in criminal matters
- no. 42 notifications in criminal matters foreigners

X.  [circled] Create reference file and proceedings to continue in 3 months
[Stamp: June 29, 2010]

XI.  [circled] Document to the                                         [stamp: illegible]
**Local Court – Department for Criminal Matters** – *Section 11*
**Heidelberg**
under reference to the attached order of punishment.

*[Signature]*
Acker-Skodinis
Prosecutor

Evans-000931-Discovery